IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SONNY F. MELENDREZ,

      Petitioner,

v.                                                       CIV 05-1085 MV/KBM

STANLEY MOYA, Warden, et al.,

      Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      This matter is before the Court on Sonny Melendrez's petition for a writ of habeas corpus under 28 U.S.C. § 2254, and motion for appointment of counsel. *Docs. 1, 3.* Because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its one-year statute of limitations applies. *See, e.g.,* 28 U.S.C. § 2244(d). Among other things, Respondents move to dismiss on the ground the petition is time-barred. *See Docs. 9, 10.* The timeliness issue is dispositive and can be resolved on the record before me. Therefore, it is unnecessary to further supplement the record or hold an evidentiary hearing. *E.g., Trice v. Ward,* 196 F.3d1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000); Rules 7, 8(a), Rules Governing Habeas Corpus Under Section 2254.

      Petitioner entered a guilty plea to numerous burglaries, robberies, and larcenies committed during an eight-day spree with an accomplice. Some of the crimes were aggravated and most of the victims were elderly. Some of the victims were hurt as a result of physical assault during the crimes. Petitioner turned himself into the police following a high-speed vehicle chase through the

City of Hobbs.  *See Doc. 1* (attached criminal complaint); *Doc. 11* (hereinafter "*Answer*"), Exh. F (attached presentence report to *pro se* state habeas petition, at 1-3).

Melendrez admitted that he committed the crimes, said he did so to support a drug addition, and stated that he "knows he should be punished for his crimes [but that] he did not consider himself a threat to society, and he hoped the judge would give him a second chance by sending him to drug rehabilitation."  *Answer,* Exh. F (attached presentence report to *pro se* state habeas petition, at 2).  The trial judge was not so inclined.  Following a guilty plea which Petitioner asserts was based on his attorney's promise of a seven- to fifteen-year sentence, the judge imposed a thirty-two year sentence on July 30, 2002.  *See Doc. 1* at 6; *Answer,* Exh. A.

Pursuant to 28 U.S.C. § 2244(d)(1), the AEDPA one-year limitations period commences "from the latest" of four possible time periods, only one of which is implicated here – the date the state conviction became "final."  The statute defines the "date on which the judgment became final" as "the conclusion of direct review or the expiration of the time for seeking such review." *Id.,* § 2244(d)(1)(A).

Petitioner asserts that he asked his attorney to appeal, that she never did so and that she abandoned him after sentencing.  Melendrez further asserts that he "didn't know how" to seek permission to file a delayed appeal.  *See Doc. 1* at 3, 7.  The record does show, however, that on August 16, 2002, his attorney did file a motion to reconsider on the ground that the sentence was excessive.  *See Answer,* Exh. C.  Although the motion does not cite the rule or statute on which it is based, this Court has held that motions to reconsider sentence under 5-801 are New Mexico

post-conviction proceedings that toll the AEDPA statute of limitations.[1]

The record does not reflect that the trial judge ever ruled on counsel's motion. In fact, Petitioner filed a *pro se* "motion to amend judgement and sentence" almost a year later on June 6, 2003, because he "put in a motion for reconsideration in 8/16/02. I never heard anything about it." *Answer,* Exh. D. The trial judge denied the *pro se* motion on the same day. *Id.,* Exh. E.

Because Rule 5-801(B) motions are deemed denied after ninety days if they are not granted, technically the AEDPA statute began to run sometime in the Fall of 2002 and then was tolled for the one day that Petitioner's *pro se* motion was pending. For the purposes of discussion only, however, I am going to assume that Monday, June 9, 2003, rather than the date of sentencing, is the relevant start date for AEDPA purposes since it corresponds with the trial judge's decision after Petitioner began proceeding *pro se*. The present petition is still untimely, however, for reasons that are solely attributable to Petitioner.

After the trial judge denied reconsideration of the sentence, Petitioner did not appeal the decision. Thus, for my purposes, his conviction became "final" on July 9, 2003. Absent tolling then, Melendrez's federal petition was due on or before July 9, 2004.[2] He waited some nine months after the judge's decision to file a state petition for habeas corpus, filing it on March 15,

---

[1] *See, e.g., Salazar v. LeMaster,* CIV 03-1010 JH/KBM (Docs. 27, 31), *affirmed,* 130 Fed. Appx. 208 (10th Cir.), *cert. denied,* 126 S. Ct. 347 (2005); *Howard v. Ulibarri,* CIV 04-1415 MCA/KBM (Docs. 12, 22, 24). Respondents appealed the characterization in the *Howard* case and it is currently pending – No. 05-2346. As discussed above, the characterization here does not effect the outcome in this case.

[2] The "anniversary date," which is as the same date of the following year, is used as opposed to the "calendar date," defined as one day before the same date of the following year. Thus, if a conviction becomes final on August 1, 1999, a petition that is filed on or before August 1, 2000, is timely under the one-year limitations period. *See, e.g., United States v. Hurst,* 322 F.3d 1256, 1260 (10th Cir. 2003).

2004. *Answer,* Exh. F. After it was denied the same day, Melendrez waited another seven months to petition the New Mexico Supreme Court for certiorari, filing on October 19, 2004. *Id.,* Exh. H. In the interim, the AEDPA limitations period expired.

    None of his other filings after the AEDPA statute ran can count toward tolling. I note, however, that Petitioner also delayed considerably in making those filings. For example, the time to petition the New Mexico Supreme Court for certiorari is thirty days after the decision. *See* N.M. R<small>ULE</small> 5-802(H)(2). He had until April 14, 2004, to do so yet waited six months before he filed. Then, after certiorari was denied on November 11, 2004, he waited almost another full year before initiating any other proceeding, even though he was evidently aware of a one-year limitation period. At that point, he simultaneously moved in state court and the Tenth Circuit for "permission to raise a ground that has never been raised in a prior habeas." *See Answer,* Exh, J; *Doc. 1* (attached September 28, 2005 letter to Tenth Circuit stating "Please Note: I have a time limit to reach 'Nov. 9th 2005' will you please respon[d] to this motion as soon as possible, this way I make my time limit."). He filed here on October 13, 2005, after the state court denied his motion and the Tenth Circuit rejected his documents, fifteen months after the AEDPA limitations period expired under my very generous calculation. *See Answer,* Exh. K; *Doc. 1* (attached September 30, 2005 letter from Tenth Circuit Clerk stating the "materials you have tendered do not come within or properly invoke the court's limited jurisdiction.").

    Failure to file a timely petition may be excused by the doctrine of "equitable tolling." Equitable tolling is available in only in "rare" circumstances such as when a prisoner is actually innocent or when failure to timely file was caused by "extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied,* 531 U.S. 1194

(2001); *see also e.g., Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner did not respond to Respondents' motion and thus raises no grounds for equitable tolling. No grounds are apparent from the record, either. He admitted committing the crimes both to the police and in his guilty plea. "[C]onclusory claim of actual innocence, especially in light of his plea of guilty in open court, is insufficient to entitle him to equitable tolling." *Loving v. Mahaffey,* 27 Fed. Appx. 925, 926 (10th Cir. 2001) (*quoting Lasiter v. Thomas,* 89 F.3d 699, 702 (10th Cir.1996): "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal. . . .").

Melendrez also failed to act with the diligence necessary to invoke equitable tolling. *E.g., Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S. 891 (1998). His own misunderstanding of the applicable time frames is not a sufficient excuse. *E.g., id.* Furthermore, "because counsel is not required in post-conviction proceedings, any miscalculation or inaction on the part of counsel or a prison litigation coordinator cannot constitute grounds to toll the statute." *Salazar v. Lemaster,* 130 Fed. Appx. 208, 210 (10th Cir.), *cert. denied,* 126 S. Ct. 347 (2005); *see also, e.g., Gibson,* 232 F.3d at 808; *Marsh,* 223 F.3d at 1220; *Pink v. McKune,* 146 Fed. Appx. 264, 266-67 (10th Cir.), *cert. denied,* ___ S. Ct. ___ 2005 WL 2888752 (12/12/05).

Nevertheless, to assure that Petitioner has a meaningful opportunity to respond, I will give him more than the usual time within which to file his objections.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2254 petition *(Doc. 1)* be dismissed as time-barred, and the motion for appointment of counsel *(Doc. 3)* be denied.

5

**IT IS FURTHER ORDERED** that Petitioner will be allowed **thirty (30) days** within receipt of these Proposed Findings and Recommended Disposition to file his objections pursuant to 28 U.S.C. § 636(b)(1) and set forth his grounds for equitable tolling, if any.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 30 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the thirty-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE